UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------- x
In re:                                                            :
                                                                  :
CHRISTOPHER MARIA KELLY,                                          :
                                                                  :
Debtor.                                                           :   **MEMORANDUM &**
                                                                  :   **ORDER DENYING**
CHRISTOPHER MARIA KELLY,                                          :   **DEBTOR'S MOTION**
                                                                  :   **FOR LEAVE TO**
                                              Appellant,          :   **APPEAL**
                                                                  :
            -against-                                             :   3:24-CV-01218 (VDO)
                                                                  :
WILLIAM K. HARRINGTON, UNITED                                     :
STATES TRUSTEE FOR REGION 2 *et al.*,                             :
                                                                  :
                                              Appellees.          :
----------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Christopher Maria Kelly, the individual debtor in the underlying bankruptcy proceeding ("Debtor" or "Appellant"), moves for leave to appeal the Bankruptcy Court's Orders Confirming Automatic Stay Has Been Terminated and Denying Motions for Relief from Judgment/Order. *See In re Kelly*, No. 23-50565 (JAM) (Bankr. D. Conn.), ECF Nos. 128, 140. Appellant asserts that the Bankruptcy Court did not properly consider new facts that he submitted on a motion for reconsideration.

For the reasons set forth below, the motion for leave to appeal (ECF No. 2) is **DENIED**.

**I.      BACKGROUND**

The Court assumes the parties' familiarity with the underlying facts and repeats only those necessary for deciding the instant motion.

Debtor filed the underlying Chapter 13 case on September 15, 2023. On January 18, 2024, U.S. Bank National Association (the "Creditor") filed a Motion for Order Confirming

the Automatic Stay Has Been Terminated, asserting that the automatic stay in the bankruptcy action expired on October 15, 2023, 30 days after the Debtor filed the case, pursuant to 11 U.S.C. § 362(c)(3)(A). The Bankruptcy Court held a hearing on the Motion and four other matters on May 2, 2024. Following the hearing, the Bankruptcy Court issued an Order Denying Motion to Recuse (the "Order Denying Motion to Recuse," ECF No. 123), an Order Denying Debtor's Amended Motion to Remove Trustee (the "Order Denying Motion to Remove Trustee," ECF No. 126), and an Order Confirming Automatic Stay Has Been Terminated (the "Order Confirming Automatic Stay Has Been Terminated," ECF No. 128).

Thereafter, the Debtor filed six motions: (1) on June 17, 2024, "First Motion for Reconsideration" (ECF No. 130) seeking reconsideration of the Order Denying Motion to Recuse; (2) on June 21, 2024, "Motion for Reconsideration" (ECF No. 132) seeking reconsideration of the Order Confirming Automatic Stay Has Been Terminated; (3) on June 21, 2024, "Motion for Reconsideration" (ECF No. 133), seeking reconsideration of the Order Denying Motion to Remove Trustee; (4) on June 27, 2024, "Motion for Extension of Stay" (ECF No. 131), which seeks relief from the Order Confirming Automatic Stay Has Been Terminated; (5) on June 27, 2024, "Motion to Vacate Order for Lack of Judicial Authority in Violation of Federal Rule 60" (ECF No. 135); and (6) on June 27, 2024, "Motion to Vacate Order for Lack of Judicial Authority in Violation of Federal Rule 60" (ECF No. 136) alleging, among other things, that the Order Denying Motion to Recuse was improperly decided and the Court did not have authority to enter ECF Nos. 123, 126, and 128. Upon review of these motions, the Court concluded on July 3, 2024 that none of the grounds for relief set forth in Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024(b) exist

to relieve the Debtor from the Order Denying Motion to Recuse, the Order Denying Motion to Remove Trustee, and the Order Confirming the Automatic Stay Has Been Terminated.

On July 18, 2024, Appellant filed a Notice of Appeal in this Court as well as the instant motion for leave to appeal. (ECF Nos. 1, 2.)

## II.     LEGAL STANDARD

District courts have jurisdiction to hear appeals from bankruptcy court decisions pursuant to 28 U.S.C. § 158(a). That jurisdiction includes appeals both "from final judgments, orders, and decrees" and, "with leave of the court, from other interlocutory orders and decrees." *Id.* § 158(a)(1), (3). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005).

The Debtor seeks the Court's leave to appeal the underlying orders, which are non-final and interlocutory. Accordingly, Appellant must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018); *see also In re Salvatore*, No. 3:18-cv-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied if the reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation. *In re Salvatore*, 2019 WL 1284815, at *2 (quoting *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case

3

docket for study." *Id.* at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard. . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore*, 2019 WL 1284815, at *2. The third inquiry is satisfied "when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Buckskin*, 552 B.R. at 44.

### III.  DISCUSSION

The motion is denied because Appellant has not established any of the three requirements of 28 U.S.C. § 1292(b)—that the underlying orders involve a controlling question of law, that there is substantial ground for disagreement about that question, and that resolution of that question would materially advance the ultimate termination of the litigation.

#### A.  Controlling Question of Law

"With respect to the first prong on § 1292(b), the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Lux.) S.A.*, No. 21-CV-10316, 2022 WL 3910679, at *7 (S.D.N.Y. Aug. 31, 2022) (internal citation and quotation marks omitted). "Questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)." *Id.* (internal quotation marks omitted). A question of law is "controlling" if reversal "could result in dismissal of the action . . . [or]

4

significantly affect the conduct of the action; or, [if] the certified issue has precedential value for a large number of cases." *Id.* (internal quotation marks omitted).

Here, Appellant does not raise any question of law, let alone a controlling question of law, in his motion. What is more, the Bankruptcy Court's decisions as a whole apply settled law to specific facts and present no controlling question of law. Therefore, Appellant does not satisfy the first requirement of § 1292(b).

### B.     Substantial Ground for Difference of Opinion

Even if the Bankruptcy Court decisions presented a pure question of law for this Court's review, Appellant has not shown grounds for a difference of opinion on that question by simply claiming that "[t]he Judge ignored and disregarded the reasonableness of his request for reconsideration." (ECF No. 2 at 2.) Substantial ground for a difference of opinion "exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Empire Generating Co., LLC*, No. 19-CV-5744, 2020 WL 1330285, at *6 (S.D.N.Y. Mar. 23, 2020) (internal quotation marks omitted). The Debtor has not shown substantial grounds for disagreement on the Bankruptcy Court's decision to confirm the termination of the automatic stay or to deny reconsideration of its Order Denying Motion to Recuse, the Order Denying Motion to Remove Trustee, and the Order Confirming the Automatic Stay Has Been Terminated.

### C.     Material Advancement of the Ultimate Termination of the Litigation

The third prong of the interlocutory appeal analysis, whether an appeal would "materially advance the ultimate termination of the litigation," "in practice is 'closely connected' to the first prong." *Fairfield Sentry*, 2022 WL 3910679, at *5, *7. This prong "is

5

met when an immediate appeal 'promises to advance the time for trial or to shorten the time required for trial.'" *Id.* at *7.

For the same reasons Appellant has not satisfied the first or second prong above, an immediate appeal likely would not advance the termination of the litigation. If this Court decided the Motion to Recuse, the Motion to Remove Trustee, and/or the Motion Confirming the Automatic Stay Has Been Terminated in Appellant's favor, it would not shorten any potential trial or the time before trial. Nonetheless, as discussed above, there is no substantial ground for difference of opinion about whether the Creditor should have prevailed on the aforementioned motions, especially where the Debtor was given the opportunity to be heard prior to the Court issuing its Order Denying Motions for Relief from Judgment/Order. There is therefore little likelihood that an appeal would advance the ultimate termination of this case.

## IV.  CONCLUSION

For the foregoing reasons, the Debtor's motion for leave to appeal (ECF No. 2) is **DENIED**. The Clerk is directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
August 7, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

6